McKinney, J-,
delivered the opinion of the court.
This was an action of ejectment. The plaintiff in error, against whom the action was brought, entered upon the land in controversy — without any paper title — in the year 1835, and resided thereon with his family about two years, when he removed from the premises, but continued to occupy and cultivate a portion of the same, by members of his family and tenants, for a period of more than seven years before the commencement of this suit.
The circuit judge instructed the jury, that the defendant could not avail himself of the statute of limitations, unless he had himself been in possession seven years — that if he rented out the premises, or abandoned possession thereof, his right to the protection of the statute was thereby destroyed. This instruction was erroneous.
It is true, that the second section of the act of 1819 confers no title on the possessor, it simply gives him such a possessory right, to the extent of his enclosures, as bars the action of the legal owner to recover possession, so long as the adverse possession continues. And it is equally true, that by a surrender or voluntary abandonment of possession, this possessory right is lost, and the person having the legal title is thereupon remitted to his right of possession. But if the possessor were a trespasser, without title of any sort, he cannot transmit the mere possessory right, conferred upon him by the statute, to another, coming in under him, to hold for himself, so as there *387 by to entitle the latter to couple his subsequent possession with that of the former; both being wrongdoers, no privity-can exist between them.
But this principle does not apply to the case under consideration. Here there was no abandonment, or transfer of possession to another, by the plaintiff in error. The proof establishes a continued, unbroken possession in him, for more than seven years preceding the institution of this action. The assumption, that by his removal and placing a tenant upon the land, the possession of the plaintiff in error was changed or lost, is wholly unfounded. A possession by members of his family, or tenants, or by the occupation and cultivation of the land, was as operative under the second section of the act, as a possession by actual residence upon the premises in person. That such possession would be sufficient under the first section of the act, no one will doubt, and it would be absurd to say, that it shall not be equally so under the second section.
2d. The court did not err in admitting the deposition of Mrs. Miller. Tenants in common may sue separately in ejectment, and be witnesses for each other. To render a witness incompetent on the ground of interest, the interest must be in the event of the particular suit, and not merely in the question to be determined. His liability to a like action, or his standing in the same predicament with the party, — if the verdict cannot be given in evidence for or against him, — is an interest in the question only, and though it may affect his credit, will not exclude him. 1 Greenleaf on Ev. § 389.
The judgment will be reversed.